IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In Re: **REGINALD CHARITY**, | * CASE NO: 09-31494 |
| Debtor. | * Chapter 13 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO DIRECT PAYMENT**

NOW COMES Counsel, Adam M Freiman, Esq., and the Law Firm of Sirody, Freiman & Associates, and moves this Court to direct that certain funds held by the Chapter 13 Trustee be paid to Counsel, and states:

1. The Debtor filed for Relief under Chapter 13 of the Bankruptcy Code on November 6, 2009. Pursuant to the 2016(b) filed with the Court, Counsel charged a flat fee for representation of $4,500.00, of which $926.00.00 was paid before the case was filed. The Chapter 13 Plan proposed and filed provided for the payment of the balance of attorney's fees through the Plan.

2. That on July 9, 2010, the Honorable Court issued an Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend upon failure to confirm a Plan.

3. As of the date of the filing of this Motion, the Chapter 13 Trustee was holding $5,442.00 in Debtor payments.

4. Counsel requests that the Chapter 13 Trustee pay Counsel directly from the monies he is holding towards the balance of attorney's fees due, and, if the monies he is holding are in excess of the total fees, to refund the balance of the funds to the Debtor.

5. Pursuant to 11U.S.C. § 330(a)(4)(B), "In a Chapter 12 or Chapter 13 case in which the Debtor is an individual, the Court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the Debtor and the other factors set forth in this section." Therefore, in a Chapter 13 case, Debtor's Counsel is within the scope of § 330(a), and as counsel fees are administrative expenses, they are entitled to payment directly from funds held by the Chapter 13 Trustee.

6. Pursuant to a Retainer Agreement, dated November 5, 2009, Debtor has assigned his interest in the funds held by the Trustee to the extent that Counsel is still owed

fees or expenses.  The Agreement provides in pertinent part, "If a . . . Trustee remits funds to the Attorney, which are payable to the Client, the Client hereby authorizes the Attorney to . . . deposit them into the Attorney's escrow account.  The Client further gives the Attorney an absolute power . . . to apply said funds for any expense . . . or to apply said funds to any balance owed . . ."

7. The balance owed under the Agreement is $3,574.00.   It was a flat fee agreement/ contract.  Paragraph 4(B) of Appendix F creates a rebuttable presumption that a flat fee, not to exceed $4,500.00 is presumed reasonable. As stated above, the client has paid only $926.00 up front, leaving $3,574.00 unpaid.   Payment of the $3,574.00 to Counsel by the Trustee will satisfy the flat fee agreement/contract, and be less than the quantum meruit fee demonstrated in the time sheets attached and marked as Exhibit "A".

8. Counsel respectfully submits and hereby affirms to the Court that the fees for the legal services expended and the legal services performed on behalf of the Debtor were both reasonable and necessary, based on the customary compensation charged by Counsel and other comparably skilled attorneys.  Counsel further submits for the purposes of this Motion, that the flat fee analysis of paragraph 4(B) of Appendix F is a proper and equitable basis on which this Court may make an allowance for fees.

9. Counsel has made no allowance for sharing of compensation with any third party.

WHEREFORE, Counsel prays that the Court order the Chapter 13 Trustee to pay the fees requested in this application directly to Counsel from the payments held by the Chapter 13 Trustee.

Respectfully submitted,

SIRODY, FREIMAN & ASSOCIATES

By:   /s/ *Adam M. Freiman*
Adam M. Freiman, # 23047
Sirody, Freiman & Associates
1777 Reisterstown Road, Ste. 360 East
Baltimore, MD 21208
410-415-0445

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this July 14, 2010, a copy of the foregoing Motion to Direct Payment was delivered by electronic means to:

Case Trustee
US Trustee

and mailed, first class, postage prepaid to: all creditors on attached matrix, and the Debtor.

                                            */s/ Adam M. Freiman*
                                            Adam M. Freiman